**YUN ZHU ZHOU, Kuai Yao Lin, Petitioners,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales,[1] Respondent.**

**No. 04–4045–ag.**

United States Court of Appeals, Second Circuit.

Sept. 20, 2006.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

R. Alexander Acosta, United States Attorney for the Southern District of Florida, Anne R. Schultz, Laura Thomas Rivero, Emily M. Smachetti, Assistant United States Attorneys, Miami, FL, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Yun Zhu Zhou, though counsel, petitions for review of the BIA order affirming the decision of Immigration Judge ("IJ") Robert Weisel, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), in which her son, Kuai Yao Lin, was named a derivative beneficiary. We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ As an initial matter, we find that the government has failed to establish exceptional circumstances justifying the untimely filing of its brief. The Assistant U.S. Attorney for the Southern District of Florida states that she was unaware of the actual deadline of the brief because she was given the wrong information by the office of the U.S. Attorney for the Southern District of New York. Since the present attorney filed a notice of appearance prior to the deadline for filing, it would have been reasonable to expect that she verify the status of her case. Moreover, the brief was filed 61 days out of time. Because the government failed to demonstrate exceptional circumstances, we deny the government's motion and proceed in this case without considering the arguments made in its brief.

When the BIA affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian-Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ Zhou argues in her brief that the IJ erred in finding that the forced insertion of an IUD did not constitute persecution. However, she did not raise any arguments regarding the past persecution finding in her brief to the BIA. Accordingly, her past persecution claim is not exhausted, and this Court lacks jurisdiction to review it. *See* 8 U.S.C. § 1252(d)(1); *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 343 (2d Cir.2006). We therefore dismiss the claim.

■ However, the IJ's finding that Zhou lacked a well-founded fear of future prosecution, based almost exclusively on activities that occurred (or did not occur) in China before Zhou left for the United States, is not supported by substantial evidence. First, the IJ erred in failing to

consider whether the birth of Zhou's second child in the United States affected her well-founded fear claim. In his decision, the IJ found that Zhou does not have a well-founded fear of persecution in China because she was not threatened with sterilization more than once in China, nor was she ever sought for sterilization in China. The IJ erred in failing to consider Zhou's claim that she would be persecuted as the mother of *two* children, in conjunction with the evidence in the record regarding the enforcement of the family planning policy for individuals with more than one child. The IJ's finding that the Chinese government's enforcement of the family planning policy was "lax" because Zhou's husband testified he would be sterilized five years after the birth of their first child is irrelevant. Even if the IJ was correct in determining that the policy is not enforced strictly after the birth of a first child, the IJ's reasoning fails to consider whether the policy is just as lax when a family has two children.

The IJ also erred by failing to consider all of the evidence in the record regarding the enforcement of the policy in the particular situation of the applicant. Because the IJ failed to consider whether Zhou's second child impacted her well-founded fear of persecution claim, it is unclear from the IJ's decision whether he would have given the same weight to each witness's testimony and supporting documents absent the error.

The IJ also erroneously discounted Zhou's well-founded fear claim because she failed to prove that her husband would return to China if she is forcibly removed. The IJ reasoned that, since Zhou's husband voluntarily lives in Boston without her, she was unable to prove that her family is intact in the United States, or that her husband would accompany her to China. These findings, however, are irrel-

evant to Zhou's claims, which are based on whether her two children would accompany her to China. Zhou presented evidence that the Chinese government would be aware of her two children, and the IJ erred in failing to consider this evidence in conjunction with the other information in the record regarding the treatment of Chinese citizens with two children.

For the foregoing reasons, the IJ's finding that Zhou failed to prove she had a well-founded fear of persecution is not supported by substantial evidence, and we remand the case to the BIA for further consideration of Zhou's well-founded fear and withholding of removal claims.

■ We also find that the IJ erred in failing specifically to address Zhou's CAT claim because her CAT claim was independent of the facts asserted in her asylum and withholding of removal claims. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 184–85 (2d Cir.2004). Unlike her asylum application, Zhou's CAT claim was predicated on her assertion that she would be detained and tortured upon her return to China because she illegally departed from China. The IJ thus erred by failing to address it. *See id.*

For the foregoing reasons, the petition for review is GRANTED in part, DISMISSED in part, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. The government's motion for acceptance of its untimely brief is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Pro-

cedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).